**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff<br><br>v.<br><br>RENE ALEXANDER DENDAAS,<br><br>    Defendant | Case No.: 2:13-cr-00199-APG<br><br>**ORDER DENYING MOTION TO VACATE**<br><br>[ECF No. 69] |

In January 2015, defendant Rene Alexander Dendaas pled guilty to Assault on a Federal Officer Using a Deadly or Dangerous Weapon, in violation of 18 U.S.C. §§ 111(a) and (b), and 1114, and to Use of a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. 924(c)(1)(A). Dendaas did not appeal his conviction and sentence.

In June 2020, Dendaas filed the instant petition under 28 U.S.C. § 2255 to vacate his conviction and sentence. ECF No. 69. He argues that assault on a federal officer using a deadly weapon is no longer a crime of violence under the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019).

I assume, for purposes of the present motion, that Dendaas' petition is timely and that he has neither waived his right to collaterally challenge nor has he procedurally defaulted on a collateral challenge whether, under *Davis,* his conviction for assault on a federal officer qualifies as a crime of violence under the residual clause of §924(c). That challenge is readily resolved. The Supreme Court held in *Davis* that § 924(c)'s residual clause is unconstitutionally vague. *Davis*, 139 S. Ct. at 2325.

Resolution of Dendaas' *Davis* challenge does not, however, entitle him to relief. As he concedes, to obtain relief he must also establish that assault on a federal officer with a deadly

weapon is not a crime of violence under the elements clause of §924(c).  He cannot.  As Dendaas acknowledges, the Ninth Circuit held in *United States v. Juvenile Female*, 566 F.3d 943 (9th Cir. 2009), that assault on a federal officer with a dangerous weapon under 18 U.S.C. § 111(b) qualifies as a crime of violence under the 18 U.S.C. § 16(a) elements clause.  "A defendant charged with . . . assault with a deadly or a dangerous weapon, must have always 'threatened [the] use of physical force,' 18 U.S.C. § 16(a), because he or she will have either made a 'willful attempt to inflict injury' or a 'threat to inflict injury,' with an object that 'may endanger the life of or inflict great bodily harm on a person.'" *Juvenile Female*, 566 F.3d 943, 948 (9th Cir. 2009) (citing *United States v. Sanchez*, 914 F.2d 1355, 1358 (9th Cir.1990)).  The §16(a) elements clause is identical, in all material and relevant respects, to the elements clause of §924(c).

Contrary to Dendaas' argument, this decision remains binding in the Ninth Circuit and on this court. *See United States v. Gobert*, 943 F.3d 878, 882 (9th Cir. 2019).  The Supreme Court's holding in *Johnson v. United States*, 559 U.S. 133, 140, (2010) that "physical force" means "force capable of causing physical pain or injury to another person" reinforces, rather than undercuts, the reasoning of *Juvenile Female*.  Dendaas' argument that a §111(b) "plainly does not require the use or threatened use" of a force capable of causing physical pain or injury to another person is squarely contrary to the Ninth Circuit's finding, in *Juvenile Female*, that "a defendant charged with . . . assault with a deadly weapon, *must have always* 'threatened [the] use of physical force.'" 566 F.3d at 943 (emphasis added).

Dendaas' suggested example that poisoning or threatening to use poison to put a person's life in jeopardy can be accomplished without physical force is both irrelevant and without merit.  The Supreme Court has rejected the argument that the indirect use of physical force, such as in the example of sprinkling a poison on food to injure another, is not a use of physical force.

2

1  *United States v. Castleman*, 134 S. Ct. 1405, 1409 (2014).  To the extent Dendaas is suggesting
2  that a person can be poisoned as the result of another person's innocent, negligent, or reckless act
3  involving poison, the argument is irrelevant.  *Juvenile Female* establishes that a §111(b) assault
4  must involve a willful attempt to injure or a threat to injure another.  These acts, as the Ninth
5  Circuit explained, always involve the attempted the use of physical force.  That result does not
6  change merely because it is possible that the deadly or dangerous weapon is poison.  I therefore
7  deny Dendaas' § 2255 motion.

## Certificate of Appealability

9       To appeal this order, Dendaas must receive a certificate of appealability. 28 U.S.C.
10 § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1); 9th Cir. R. 22–1(a).  To obtain that certificate, he
11 "must make a substantial showing of the denial of a constitutional right, a demonstration that . . .
12 includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the
13 petition should have been resolved in a different manner or that the issues presented were
14 adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483–
15 84 (2000) (quotation omitted).  This standard is "lenient." *Hayward v. Marshall*, 603 F.3d 546,
16 553 (9th Cir. 2010) (en banc).

17      I have denied Dendaas' motion based on the Ninth Circuit's decision in *Juvenile Female,*
18 which is binding.  Reasonable jurists cannot debate that, in *Juvenile Female,* the Ninth Circuit
19 held that assault with a deadly weapon, in violation of §111(a) and (b), is categorically a violent
20 felony under the elements clause of 18 U.S.C. §16(a), which clause is identical in all material
21 respects to the elements clause defining violent felony in §924(c).  This holding in *Juvenile*
22 *Female* was not abrogated by the Supreme Court in *Johnson* (2010).  The Ninth Circuit has
23

3

recognized that *Juvenile Female* remains binding precedent that I must follow. I thus deny Dendaas' request for a certificate of appealability.

I THEREFORE ORDER that defendant Rene Alexander Dendaas' motion under 28 U.S.C. § 2255 **(ECF No. 69) is DENIED**.

I FURTHER ORDER that Rene Alexander Dendaas' request for a certificate of appealability is DENIED.

I FURTHER ORDER the Clerk of Court to enter a separate civil judgment denying Dendaas' § 2255 motion. The Clerk also shall file this order and the civil judgment in this case and in the related civil case number 2:20-cv-1149-APG)

DATED this 10th day of January, 2021.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE